Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| HELEN M. SANTOS RIVERA Y RESIDENCIA BULA SANTOS<br><br>Apelados<br><br>V.<br><br>FRIDA MARCHOSKY KOGAN<br><br>Apelante | TA2025AP00347 | Apelación procedente del Tribunal de Primera Instancia San Juan<br><br>Caso Núm.: SJ2017CV02816<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerreo, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece la Sra. Frida Marchosky Kogan (señora Marchosky Kogan o apelante), por derecho propio, y solicita la revisión de una *Sentencia Parcial* emitida el 30 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Mediante el referido dictamen, el TPI eliminó sus alegaciones, le anotó la rebeldía y ordenó el archivo de su reconvención al amparo de la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V., R.39.2(c).

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia Parcial* apelada.

**I.**

Este caso se originó el 12 de diciembre de 2017, cuando la Sra. Helen Santos Rivera, por sí y en representación de la Residencia Bula Santos (parte apelada) presentó una *Demanda* en cobro de dinero en contra del Sr. Reynaldo García Rosario (señor Rosario García)[2], y su

---

[1] Entrada Núm. 289 del expediente del caso SJ2017CV02816 en el Sistema Unificado de Manejo y Administración de Casos. Notificada el 30 de julio de 2025.
[2] El 16 de mayo de 2025, el TPI emitió una *Sentencia Parcial* en la cual ordenó la desestimación sin perjuicio de la *Demanda* y *Reconvención* presentada por el señor García Rosario. Ello como consecuencia de este haber fallecido y sin haberse solicitado sustitución de parte. *Íd.*, Entrada Núm. 275.

apoderada legal, la señora Marchosky Kogan.[3] En esencia, alegó que, era dueña de la Residencia Bula Santos, institución dedicada al cuidado de personas de edad avanzada, y que el señor García Rosario era residente en su institución. Sostuvo que la apelante era la encargada de realizar los pagos por los servicios prestados al señor García Rosario. Según alegó, la señora Marchosky Kogan no pagó las mensualidades correspondientes a los meses de octubre, noviembre y diciembre de 2017. Además, adeudaba la suma de $600.00 correspondiente a una derrama. Enfatizó que realizó las gestiones pertinentes para cobrar lo adeudado, sin éxito. En virtud de lo anterior, solicitó la suma de $6,600.00 y la suma de $2,000.00 por concepto de honorarios de abogado.

En respuesta, el 7 de marzo de 2018 la señora Marchosky Kogan y el señor García Rosario presentaron su *Contestación y Reconvención*.[4] Allí, negaron la mayoría de las alegaciones y presentaron sus respectivas defensas afirmativas. Respecto a la *Reconvención*, manifestaron que, la parte apelada ocasionó daños al señor García Rosario, toda vez que éste fue víctima de maltrato institucional, intimidación, amenaza y acoso. Asimismo, indicaron que la parte apelada no le proveía los medicamentos y tampoco atendía sus necesidades básicas de manera diligente.

Tras varios trámites procesales los cuales no son necesarios pormenorizar aquí, el 19 de septiembre de 2024 la representación legal de la apelante presentó una *Urgente Moción de Renuncia de Representación Legal y de Remedio*.[5] Allí, solicitó el relevo de la representación legal por razones de salud. Cónsono con lo anterior, el 19 de septiembre de 2024, el TPI emitió una *Orden* en la cual declaró Ha Lugar la *Urgente Moción de Renuncia de Representación*

---

[3] Entrada Núm. 1 del expediente del caso SJ2017CV02816 en el Sistema Unificado de Manejo y Administración de Casos.
[4] *Íd.*, Entrada Núm. 7.
[5] *Íd.*, Entrada Núm. 243.

*Legal y de Remedio.*[6] Además, concedió a la apelante el término de treinta (30) días para comparecer con nueva representación legal.

Luego de solicitar prórroga, el 19 de diciembre de 2024, la apelante presentó una *Moción Asumiendo Representación Legal y Solicitud de Prórroga.*[7] En esta, informó al Tribunal que contrató al Lcdo. Amexis Bonilla Nieves como su representante legal y, solicitó el término de treinta (30) días con el propósito de atender cualquier asunto pendiente. En la misma fecha, el TPI declaró Ha Lugar la *Moción Asumiendo Representación Legal y Solicitud de Prórroga.*[8]

Culminado el descubrimiento de prueba, el 19 de mayo de 2025 el representante legal de la señora Marchosky Kogan presentó una *Moción de Renuncia a Representación Legal.*[9] Mediante esta, manifestó que existían diferencias irreconciliables con la apelante respecto a la estrategia legal a seguir en el caso. El **19 de mayo de 2025**, el TPI emitió una *Orden* declarando Ha Lugar la renuncia a la representación legal de la apelante.[10] A su vez, ordenó lo siguiente:

> [...]
>
> Se concede a la demandada y reconviniente Frida Marchosky Kogan el término de 30 días para comparecer con representación legal. Se incorporan las advertencias dadas a la demandada mediante órdenes [245] y [247], apercibiéndole de la imposición de sanciones que podrían incluir la eliminación de sus alegaciones y anotación de rebeldía sobre la demanda y el archivo de la reconvención al amparo de la Regla 39.2(a) de las de Procedimiento Civil. Se mantiene señalamiento de Conferencia con Antelación a Juicio señalada para el 10 de julio de 2025.
>
> Notifíquese directamente a la demandada Frida Marchosky, incluyendo su correo electrónico 888kissy@gmail.com.

Así las cosas, el 18 de junio de 2025 la señora Marchosky Kogan presentó una *Moción en Solicitud de Extensión de Tiempo para*

---

[6] *Íd.*, Entrada Núm. 245.
[7] *Íd.*, Entrada Núm. 251.
[8] *Íd.*, Entrada Núm. 254.
[9] *Íd.*, Entrada Núm. 277.
[10] *Íd.*, Entrada Núm. 278. Notificada el 20 de mayo de 2025.

*Representación Legal.*[11] En esta, manifestó que realizó gestiones conducentes a contratar nueva representación legal. No obstante, enfatizó que no fue posible, por lo que solicitó un término adicional no menor de noventa (90) días a los fines de asumir la responsabilidad económica que conllevaba contratar nueva representación legal. En la misma fecha, el foro primario emitió una *Orden* en la cual declaró No Ha Lugar la prórroga solicitada.[12] Específicamente, el TPI dispuso lo siguiente:

> Examinado el trámite en autos que incluyó que la demandada y reconviniente pudiera comparecer con nueva representación legal y posteriormente también tuvo que ser relevado, se declara No ha lugar a la prórroga solicitada.

En desacuerdo, el 25 de junio de 2025, la señora Marchosky Kogan presentó su *Moción de Hechos y Reconsideración Para Representación Legal.*[13] En síntesis, apuntó que tuvo representación legal por siete (7) años. Sostuvo que luego contrató otro representante legal y, este solicitó el relevo, por no poder pagar sus honorarios. Ello, debido a una limitación extrema de recursos económicos. Por último, esbozó que, la prórroga no afectaba a las partes y, que no permitir dicha prórroga era un abuso de discreción por parte del Tribunal.

Examinada la moción de reconsideración, **el 25 de junio de 2025** el TPI emitió una *Orden* concediéndole un plazo final de treinta (30) días a la apelante para comparecer con representación legal y le impuso una sanción de $100.00 a pagarse en los próximos siete (7) días.[14] Advirtió, además:

> [...] se le concede un plazo FINAL del(sic) 30 días para comparecer con representación legal, so pena de la eliminación de sus alegaciones y anotación de rebeldía sobre la demanda y el archivo de la reconvención al amparo de la Regla 39.2(a) de las de Procedimiento Civil.

> Notifíquese directamente a la demandada Frida Marchosky, incluyendo su correo electrónico 888kissy@gmail.com.

---

[11] *Íd.*, Entrada Núm. 279.
[12] *Íd.*, Entrada Núm. 280. Notificada el 18 de junio de 2025.
[13] *Íd.*, Entrada Núm. 281.
[14] *Íd.*, Entrada Núm. Notificada el 26 de junio de 2025.

Ante el incumplimiento de la señora Marchosky Kogan con la sanción impuesta, el 8 de julio de 2025 el TPI emitió una segunda *Orden* en la cual impuso una sanción adicional de $100.00 y concedió cinco (5) días para el pago de esta.[15] Ello, so pena de sanciones adicionales.

Así las cosas, el 12 de julio de 2025 la señora Marchosky Kogan suscribió una *Moción Urgente Sobre Penalidades y Comparecencia Virtual Solicitud de Dispensa de Penalidades y Concesión de Tiempo Para Obtener Representación Legal*.[16] Allí, adujo que tuvo dificultades con su red de internet y equipo electrónico, por lo que no advino en conocimiento de las sanciones impuestas por el Tribunal. Asimismo, manifestó que no había podido contratar representación legal, debido a que estaba atravesando problemas de salud y económicos. En virtud de lo anterior, solicitó la eliminación de las sanciones y un término adicional para comparecer con abogado. El 14 de julio de 2025, el TPI determinó lo siguiente:

> Se concede que el pago de las sanciones sea en el mismo término otorgado en la Orden [282] para comparecer con abogado, con las consecuencias ya apercibidas en dicha Orden. Aprovechamos para recordarle a la demandada y reconveniente que esta no se ha excusado por su incomparecencia a la vista del 10 de julio de 2025.[17]

Posteriormente, el 16 de julio de 2025, el TPI celebró una vista de estado de los procedimientos.[18] En primer lugar, el Tribunal expresó que la apelante nunca se conectó a la vista e hizo constar que el 25 de junio de 2025, se le concedió la última oportunidad para comparecer con abogado. Así pues, el foro primario anotó la rebeldía a la señora Marchosky Kogan en corte abierta y desestimó la *Reconvención* de esta. Además, el Tribunal enfatizó que, de

---

[15] *Íd.*, Entrada Núm. 283. Notificada el 8 de julio de 2025.
[16] *Íd.*, Entrada Núm. 286. Presentada el 14 de julio de 2025.
[17] *Íd.*, Entrada Núm. 287.
[18] *Íd.*, Entrada Núm. 288.

transcurrir el término de treinta (30) días, sin esta comparecer con abogado, iba a dictar sentencia parcial.

Transcurrido el término previamente concedido a la apelante, el **30 de julio de 2025** el TPI emitió la *Sentencia Parcial* en la cual eliminó las alegaciones de la apelante, anotó la rebeldía y ordenó el archivo de su *Reconvención*.[19] Particularmente, resolvió que transcurrieron en exceso los términos y prórrogas concedidas para que esta cumpliese con las órdenes del Tribunal. Inconforme, el 14 de agosto de 2025, la apelante presentó su *Moción de Reconsideración Solicitud Urgente de Designación de Representación Legal de Oficio y Otros Extremos*.[20] Reiteró que, contrató un abogado y que este intentó presentar una moción, pero que el sistema electrónico no se lo permitió, toda vez que requería que asumiera la representación legal. De igual forma, detalló que los abogados que estaban dispuestos a asumir su representación legal requerían honorarios que no podía pagar. Por ello, explicó que la ausencia de un representante legal no era intencional ni por desinterés de su parte. Por todo lo anterior, solicitó la designación de un abogado de oficio, que se eliminaran las sanciones económicas y se reconsiderara la *Sentencia Parcial*.

El 15 de agosto de 2025, el foro primario emitió una *Resolución Interlocutoria* declarando No Ha Lugar la moción de reconsideración.[21] Específicamente, el TPI concluyó que,

[...]

El tribunal le otorgó amplia oportunidad a la demandada en rebeldía de comparecer con abogado, además de pagar sanciones impuestas, incumpliendo la demandada en rebeldía con las órdenes del tribunal. Más aun, del expediente surge que la demandada en rebeldía ha obtenido la contratación de tres (3) abogados en este caso y el último informó que tuvo que renunciar por diferencias irreconciliables entre este y la demandada en rebeldía, con la estrategia legal a seguir en el caso [277], por lo que tampoco se justifica la designación de representación legal de oficio. Se le

---

[19] *Íd.*, Entrada Núm. 289.
[20] *Íd.*, Entrada Núm. 291.
[21] *Íd.*, Entrada Núm. 292. Notificada el 15 de agosto de 2025.

recuerda además a la demandada FRIDA MARCHOSKY KOGAN que tiene sanciones que no ha pagado aún por lo que podrá enfrentar sanciones adicionales.

Así las cosas, el 28 de agosto de 2025, la señora Marchosky Kogan presentó su *Segunda Moción de Reconsideración: y en la Alternativa, Moción al Amparo de la Regla 49.2 para Dejar sin Efecto la Orden de Desestimación de la Reconvención y las Sanciones Impuestas.*[22] En esta, manifestó que la concesión inmediata del relevo de su representación legal contravino el deber ético de evitar perjuicio al cliente y proteger la administración de la justicia. Sostuvo que la eliminación de las alegaciones era un remedio drástico. Además, esbozó que, la segunda renuncia de su representante legal provocó una cadena de circunstancias extraordinarias y negligencia excusable que no justificaban la desestimación y las sanciones impuestas por el Tribunal. Por todo lo anterior, razonó que procedía dejar sin efecto la *Orden* del 30 de julio de 2025, conceder un término adicional no menor de sesenta (60) días para contratar representación legal, comparecer por derecho propio o referir a un programa probono de asistencia legal y, convocase una vista a los fines de salvaguardar su derecho para atender el caso en sus méritos. En la alternativa, solicitó la desestimación de las sanciones por negligencia excusable, sorpresa y errores de apreciación.

Así las cosas, el 29 de agosto de 2025, el TPI emitió una *Resolución* en la cual determinó lo siguiente:

> Sin lugar por las razones ya expresadas por el tribunal. Véanse en específico entradas [292], [289], [287]. Del expediente del caso, surge claramente que el tribunal le dio muchísimas oportunidades a la demandada Marchosky Kogan de cumplir con sus órdenes y se le apercibió en todo momento de las consecuencias de no hacerlo; inclusive al día de hoy ni si quiera se han pagado las sanciones pendientes y el tribunal no le ha impuesto sanciones adicionales. Le recordamos nuevamente que como parte de las prórrogas otorgadas por el tribunal, logró comparecer con un tercer abogado quien tuvo que solicitar el relevo por diferencias irreconciliables con la demandada Marchosky Kogan.

---

[22] *Íd.*, Entrada Núm. 297.

Con relación a la autorización de la renuncia de los abogados Vanessa Saxton Arroyo y José F. Gierbolini Bonilla, referimos a la demandada a que vuelva a revisar la moción en la entrada [244] presentada por estos, solicitando la renuncia por razones médico-familiares y condición seria de salud.

Toda vez que se ha incluido un anejo a la moción [297] con relación a comunicación con los abogados Vanessa Saxton Arroyo y José F. Gierbolini Bonilla, se ordena notificar esta resolución a los abogados Vanessa Saxton Arroyo y José F. Gierbolini Bonilla, a sus direcciones de récord; y a la demandada en rebeldía Frida Marchosky Kogan a su correo electrónico 888kissy@gmail.com.

Aún inconforme, el 15 de septiembre de 2025, la señora Marchosky Kogan presentó este *Recurso de Apelación* en el que señaló que el TPI cometió los siguientes errores:

1. Debido proceso de ley lesionado: Se anula la Reconvención y alegatos sin proporcionar a esta parte tiempo razonable ni asistencia legal pese a su indigencia y salud, colocándola en indefensión.

2. Negativa injustificada a designar/garantizar representación legal: El Tribunal ignora circunstancias extraordinarias (abandono/renuncias, precariedad, salud, único dispositivo móvil) y opta por sancionar, en vez de salvaguardar el acceso efectivo a justicia.

3. Sanciones desproporcionadas y prematuras: Se imponen sanciones inmediatas y se anuncian más, a pesar de que la incomparecencia fue no voluntaria (falla tecnológica) y de que existe constancia de esfuerzos diligentes para obtener abogado. No se valoró la capacidad económica real ni se exploraron alternativas menos onerosas.

4. Error material sobre la representación: El Tribunal sobre-enfatiza que hubo "tres abogados", cuando dos eran una sola representación (esposos, un contrato por 7 años) y el "segundo" abogado es el tercero cronológico pero segundo contrato, quien pide relevo por factor económico, y usa la frase "diferencias irreconciliables" para auto-proteger su relevo. Imputar ese rótulo a la clienta desnaturaliza los hechos y no puede justificar sanciones.

5. Urgencia incompatible con la justicia: Luego de siete años de trámite, el Tribunal adoptó una celeridad selectiva que perjudicó a la parte más vulnerable; en lugar de atender solicitudes razonables de tiempo (que ni la parte demandante se oponía, pues también pidió prórroga), se anulan derechos sustantivos.

6. Desatención de la política pública: La política judicial prefiere la decisión en los méritos; la

desestimación y las sanciones son remedios extremos que no deben usarse para castigar la pobreza o las limitaciones tecnológicas, menos cuando existen vías alternativas (advertencias justas, calendarios escalonados, referidos a asistencia legal, etc.).

7. Falta de ponderación de la Reconvención (abusos alegados): La Reconvención denuncia maltrato institucional, incumplimientos y violaciones de derechos. Cerrar la puerta a su adjudicación por tecnicismos y sanciones, sin garantizar defensa mínima, contraría el interés público y el derecho a tutela judicial efectiva.

En esencia, reiteró los planteamientos de su *Moción de Reconsideración Solicitud Urgente de Designación de Representación Legal de Oficio y Otros Extremos* y la *Segunda Moción de Reconsideración: y en la Alternativa, Moción al Amparo de la Regla 49.2 para Dejar sin Efecto la Orden de Desestimación de la Reconvención y las Sanciones Impuestas.*

Por su parte, el 17 de octubre de 2025, la parte apelada presentó su *Alegato en Oposición a Apelación.* En primer lugar, planteó que procedía la desestimación del recurso, puesto que la apelante no identificó adecuadamente la sentencia, órdenes y resoluciones impugnadas. Tampoco incluyó como parte del apéndice dichos documentos. Sostuvo que ello impedía una revisión adecuada del recurso. Por otra parte, argumentó que este tribunal apelativo emitió una *Sentencia* el en el caso *O.P.P.E.A. v. Frida Marchosky Kogan,* alfanumérico KLAN202500101, en el cual surgía que el poder duradero otorgado a la señora Marchosky Kogan fue revocado el 5 de diciembre de 2024. Por ello, razonó que la apelante no tenía legitimación activa para presentar el recurso de epígrafe.

De otra parte, apuntó que las mociones de reconsideración eran inoficiosas y no surtieron efecto debido a que no expusieron con suficiente especificidad los hechos y el derecho que la apelante estimaba que debían reconsiderarse. Por tanto, razonó no interrumpió el término para acudir ante este foro. Resaltó que, la

apelante nunca informó al Tribunal cuales fueron las gestiones realizadas con el propósito de contratar representación legal. Tampoco expresó en que consistieron las circunstancias extraordinarias y negligencia excusable ajenas a su voluntad. A su vez, arguyó que el TPI no incurrió en error, prejuicio o parcialidad, toda vez que las sanciones impuestas estuvieron precedidas por advertencias claras e inequívocas sobre la consecuencia de no cumplir con las órdenes del Tribunal.

## II.

### A. Desestimación como sanción en la litigación civil

Un tribunal tiene la indelegable labor de garantizar que los procedimientos se ventilen sin demora y que los litigantes tengan su día en corte. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 815 (1986); *Maldonado v. Srio. Rec. Naturales*, 113 DPR 494, 497 (1982). Por ello, los foros judiciales poseen la facultad de imponerle sanciones a las partes de un caso, entre estas, desestimar una causa de acción por incumplimiento con sus órdenes. *HRS Erase v. CMT*, 205 DPR 689, 703 (2020); *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1026 (2011). Ahora bien, tal proceder debe ejercerse juiciosa y apropiadamente. *Maldonado v. Srio. Rec. Naturales*, *supra*, pág. 498.

En particular, la Regla 39.2 (a) de Procedimiento Civil, *supra*, R. 39.2 (a), dispone lo siguiente:

**(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.**

**Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación.**

**Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.** (Énfasis nuestro).

Es harto conocido que previo a imponer una sanción tan severa como la desestimación de un caso, el tribunal de instancia tiene el deber de ejecutar el orden de prelación establecido por la Regla 39.2 (a) de Procedimiento Civil, *supra*, R. 39.2 (a). *Mitsubishi Motor v. Lunor y otros*, 212 DPR 808 (2023). En primer lugar, debe imponer sanciones a la representación legal de la parte, previo a privarla de su día en corte. *Íd.*; *HRS Erase v. CMT*, *supra*, pág. 704; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 297 (2012); *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 224-225 (2001); *Dávila v. Hosp. San Miguel, Inc.*, *supra*, pág. 814. De lo anterior no surtir efecto, el foro judicial tiene la obligación de notificar directamente a la parte para cerciorarse que está debidamente informada de la situación y de los efectos de no tomar alguna acción correctiva. *Mitsubishi Motor v. Lunor y otros*; *HRS Erase v. CMT*, *supra*; *Mejías et al. v. Carrasquillo et al.*, *supra*; *Mun. de Arecibo v. Almac. Yakima*, *supra*. De continuar el incumplimiento, entonces el tribunal estará en posición de emitir la drástica sanción desestimatoria. *Íd.*

Es menester puntualizar que esta sanción prevalece únicamente cuando la desatención y el abandono total de la parte con interés en la tramitación del caso sea clara e inequívoca. *Mejías et al. v. Carrasquillo et al.*, *supra*, pág. 298.

### B. Manejo de Caso

El efectivo funcionamiento del sistema judicial y la eficiente disposición de los asuntos litigiosos requieren que el Tribunal de Primera Instancia goce de gran discreción en el manejo del caso para

lograr su resolución de la forma más justa, rápida y económica. *BRRP v. SLG Gómez López,* 213 DPR 314 (2023); *In re Collazo I,* 159 DPR 141, 150 (2003). A saber, el Foro Primario posee autoridad suficiente para conducir los asuntos litigiosos en la forma que su buen juicio le indique. *Íd., Ortiz Rivera v. Agostini,* 92 DPR 187, 193-194 (1965). En tal ejercicio, cuando una parte perjudique los procedimientos, el tribunal posee amplia discreción de castigar este tipo de conducta mediante la imposición de sanciones como dar los hechos por admitidos y dictar sentencia en rebeldía. *Rivera Rivera v. Insular Wire Products,* 140 DPR 912, 921 (1996). Empero, estas sanciones no se pueden conceder por el mero hecho de que una parte las solicitó. *Íd.*

En tal sentido, la Regla 37 de Procedimiento Civil, 32 LPRA Ap. V., R. 37, rige lo concerniente al manejo del caso, sin que un foro apelativo requiera intervenir. *In re Collazo I, supra,* pág. 151. Pues, el tribunal de instancia es el foro que mejor conoce las particularidades del caso y está en mejor posición para tomar medidas que permitan trazar el curso del caso hasta su disposición final. *Mejías Montalvo v. Carrasquillo Martínez,* 185 DPR 288, 306-307 (2012).

### III.

En el presente caso, la señora Marchosky Kogan sostuvo que el foro primario incidió al anular su reconvención y eliminar sus alegaciones sin proporcionar tiempo razonable, ni asistencia legal pese a su indigencia y salud. Ello, alega, ha provocado su indefensión. A su vez, planteó que el Tribunal ignoró circunstancias extraordinarias y optó por sancionarla, por lo que no salvaguardó su acceso a la justicia. En su tercer señalamiento de error, argumentó que el TPI erró al imponer sanciones inmediatas, a pesar de que su incomparecencia fue involuntaria y que existía constancia de los esfuerzos realizados para contratar representación legal. Enfatizó que no se valoró su capacidad económica real y no se exploraron alternativas menos onerosas a los fines de que pudiera comparecer

representada por abogado. De igual forma, señaló que el foro primario incidió al resolver que hubo tres (3) representantes legales cuando únicamente tuvo dos (2) abogados.

De otra parte, en su quinto señalamiento de error, señaló que el Tribunal adoptó una celeridad selectiva en el caso, la cual, según alegó, perjudicó a la parte más vulnerable, al no atender las solicitudes de prórroga. Sostuvo que la desestimación de sus alegaciones y las sanciones impuestas eran remedios extremos que no debían utilizarse para castigar a una parte. Finalmente, adujo que el foro primario incidió al desestimar su reconvención, toda vez que existían alegaciones de maltrato institucional, incumplimiento y violaciones de derechos por parte de la Residencia Bula Santos.

Tras un sosegado examen del expediente ante nuestra consideración, concluimos que no le asiste la razón a la apelante.

Según surge del expediente ante nuestra consideración, el 19 de mayo de 2025, el representante legal de la señora Marchosky Kogan presentó una *Moción de Renuncia a Representación Legal.* Cónsono con lo anterior, el **19 de mayo de 2025**, el TPI emitió una *Orden* declarando Ha Lugar dicha renuncia y concedió un **término inicial** de **treinta (30) días** para que la apelante compareciera representada por abogado. Tras una solicitud de prórroga, el **25 de junio de 2025**, el TPI emitió una *Orden* concediéndole un **plazo final** de **treinta (30) días** a la apelante para comparecer con representación legal e impuso una sanción de $100.00. Advirtió que, incumplir con dicha *Orden* podía acarrear la eliminación de sus alegaciones, la anotación de rebeldía y el archivo de su *Reconvención.*

Posteriormente, el **16 de julio de 2025**, el TPI celebró una vista de estado de los procedimientos. Allí, hizo constar que la apelante nunca se conectó a la vista y reiteró que el 25 de junio de 2025, se le concedió la última oportunidad para comparecer con abogado. Entiéndase, que la señora Marchosky Kogan tenía hasta el 25 de julio

de 2025, para comparecer con nueva representación legal. Transcurrido el término concedido a la apelante, el **30 de julio de 2025**, el TPI emitió su *Sentencia Parcial* en la cual eliminó las alegaciones de la apelante, anotó la rebeldía y ordenó el archivo de su *Reconvención*. Particularmente, resolvió que transcurrieron en exceso los términos y prórrogas para que esta cumpliese con las órdenes del Tribunal. Resulta meritorio señalar que la señora Marchosky Kogan fue debidamente notificada de todas las órdenes que emitió el TPI.

En virtud de lo anterior, colegimos que el foro primario no erró al imponer la severa sanción de eliminar las alegaciones, anotar la rebeldía y desestimar la *Reconvención* de la apelante por el incumplimiento con las órdenes del Tribunal. Ello, ante el reiterado incumplimiento de la señora Marchosky Kogan. Asimismo, determinamos que el foro primario cumplió con la Regla 39.2 de Procedimiento Civil, *supra*, toda vez que consideró la eliminación de las alegaciones, anotó la rebeldía y archivó la *Reconvención*, luego de haber apercibido sobre las consecuencias de incumplir con las órdenes del Tribunal, otorgar un término adicional para comparecer acompañada por abogado e imponer las sanciones correspondientes. Ello, previo a imponer la drástica sanción de la desestimación.

No podemos olvidar que, este foro apelativo no debe intervenir en la gestión de los asuntos procesales para los cuales el TPI posee amplia discreción con el objetivo de proveer una solución rápida, justa y económica del pleito que tiene ante sí. El presente caso de cobro de dinero, lleva en exceso de 7 años litigándose. La apelante fue instruida y apercibida reiteradamente sobre lo que esperaba el Tribunal y notificada de las consecuencias de su incumplimiento, por lo que consideramos que el TPI actuó conforme a lo que le es requerido legalmente antes de eliminar alegaciones o desestimar una reclamación. En fin, no divisamos que la *Sentencia Parcial*

apelada es contraria a derecho, por lo que los errores señalados por la señora Marchosky Kogan no se cometieron.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia Parcial* apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones